IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DR. VICTOR M. ARROYO,

    Plaintiff,

        v.

PLAYA PAPAYA, LLC,

    Defendant.

CIVIL NO. 21-1348 (PAD)

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Before the court is plaintiff's "Motion to Remand" (Docket No. 9), which defendant opposed (Docket No. 26). For the reasons explained below, the case is remanded to the Carolina Part of the Puerto Rico Court of First Instance ("CFI").

**I.**      **BACKGROUND**

On June 21, 2021, Dr. Victor M. Arroyo sued Playa Papaya, LLC, in the CFI to evict it under the Puerto Rico summary eviction law, P.R. Laws Ann. tit. 32 §§ 2821-2838, and for attorney's fees pursuant to Article 20 of the "Commercial Lease Contract" entered into between the parties regarding the premises of C#1 and C#2 of Ocean Tower Condominium in Carolina, P.R. (Docket No. 16-1). On July 29, 2021, defendant removed the case to this court on account of 28 U.S.C. §§ 1332, 1441, and 1446, invoking complete diversity of citizenship between the parties and what it described as an amount in controversy exceeding $75,000 (Docket No. 1 at pp. 2-3).

<u>Dr. Victor M. Arroyo</u> v. <u>Playa Papaya, LLC</u>
Civil No. 21-1348 (PAD)
Memorandum and Order
Page 2

On August 27, 2021, plaintiff moved to remand, and sought payment of costs, expenses and attorney's fees in accordance with 28 U.S.C. § 1447(c) (Docket No. 9).[1] On August 30, 2021, defendant answered the Complaint, advancing counterclaims for negligence in connection with Article 1536 of the Puerto Rico Civil Code of 2020 as well as for noncompliance with the American with Disabilities Act, 42 U.S.C. §§ 12101-12213 ("ADA") (Docket No. 11 at p. 5 ¶ 3 and p. 7 ¶ 4.i). On September 20, 2021, defendant opposed the motion to remand, stating that its $500,000 counterclaim for negligence and under the ADA thwart the attempt to remand the case back to state court (Docket No. 26 at pp. 4-10).

## II.   DISCUSSION

Federal courts cannot act in the absence of subject-matter jurisdiction. <u>See</u>, <u>United States</u> v. <u>Univ. of Mass., Worcester</u>, 812 F.3d 35, 44 (1st Cir. 2016), *cert. denied sub nom.* <u>U.S. and Mass. ex. rel. Willette</u> v. <u>Univ. of Mass., Worcester</u>, 137 S.Ct. 617 (2017) (so stating). When a plaintiff files a civil action in state court in circumstances such that the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided the defendant is not "a citizen of the State in which [the] action is brought." <u>Universal Truck & Equipment Co., Inc.</u> v. <u>Southworth-Milton, Inc.</u>, 765 F.3d 103, 107-108 (1st Cir. 2014) (<u>quoting</u> 28 U.S.C.§ 1441(b)(2)).

Here, complete diversity exists between the parties inasmuch as plaintiff is a citizen of Florida (Docket No. 16-1 at ¶ 1) and defendant is a citizen of Puerto Rico (Docket No. 11 at ¶ 2). But Section 1441(b)(2) precludes defendant from removing this case, for plaintiff filed the Complaint in Puerto Rico, of which defendant is citizen. <u>See</u>, <u>McGill</u> v. <u>Scholl</u>, 2007 WL 120773,

---

[1] Section 1447(c) provides in part that an order remanding the case "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

Dr. Victor M. Arroyo v. Playa Papaya, LLC
Civil No. 21-1348 (PAD)
Memorandum and Order
Page 3

*2 (D.P.R. Jan 10, 2007) ("[D]efendant, being a citizen of Puerto Rico, the state in which the action was brought, removal is not possible") (quoting Sugar Corp. of P.R. v. Environeering, Inc., 520 F.Supp. 996, 998 (D.P.R. 1981)).

Defendant's argument that the counterclaim opens up federal subject-matter jurisdiction as to the ADA fails because a counterclaim does not provide a basis for removal. The Complaint only raises state law claims, and in general, 28 U.S.C. § 1446 permits removal only on the basis of claims brought against defendants instead of on the basis of counterclaims asserted by them. See, Ballard's Serv. Ctr., Inc. v. Transue, 865 F.2d 447, 449 (1st Cir. 1989) (per curiam) (so explaining); Cardillo v. Cardillo, 360 F.Supp.2d 402, 416-417 (D.R.I. 2005) ("[T]he First Circuit has held that a defendant's counterclaim cannot form the basis for removal"). Further, ADA actions may be brought in state courts. See, Cmty. Hosp. v. Fail, 969 P.2d 667, 672 (Colo. 1998)(recognizing state courts' jurisdiction to adjudicate ADA claims); Rivera Hernández v. Comtec Commc'n, 171 D.P.R. 695, 699-703 (2007)(reviewing CFI's judgment in case brought under ADA and Puerto Rico law).

### III.   CONCLUSION

Based on the foregoing, the court GRANTS plaintiff's motion for remand. By extension, the case is remanded to the Carolina Part of the Puerto Rico Court of First Instance. As removal was improvident, defendant shall pay plaintiff the costs and attorney's fees incurred as a result of the removal. See, P.R. Dep't of Pub. Safety v. Tracfone Wireless, 314 F.Supp.3d 400, 402 (D.P.R. 2021)(awarding just costs and attorney's fees under Section 1447(c) for case improvidently removed from CFI). Plaintiff shall file a memorandum detailing those costs and attorney's fees by February 15, 2022.

**SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of January, 2022.

s/Pedro A. Delgado Hernández
PEDRO A. DELGADO HERNÁNDEZ
United States District Judge
